IKUTA, Circuit Judge,
concurring:
I concur in the opinion except for the penultimate paragraph, in which the majority takes the opportunity to give the Balderases some helpful legal advice. After clarifying that a lender must leave the TILA Notice of Right to Cancel with the *792 borrower in order to “deliver” it (an interpretation with which I agree), the majority worries that the broker may in fact have left the Balderases with two copies of the completed form, as per Exhibit 14 of the complaint. Maj. op. at 791. To address its concerns, the majority seizes on a footnote in the complaint, where the Balderases asserted that “[bjecause the signing occurred after midnight, the actual signing date was the 26th of September, 2006.” Although the Balderases’ counsel didn’t make anything of this fact, the majority opines that if the Notice of Right to Cancel was indeed signed on September 26th, but incorrectly dated September 25, the notice itself would violate TILA. See maj. op. at 791. Regardless whether the majority is better at spotting issues than the Balderases’ attorneys, it is not the job of judges to make up arguments and then purport to rule on them. See Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir.1994). Our appearance of neutrality is damaged when we step outside our role and give a helping hand to one of the parties. Accordingly, I decline to participate in that portion of the opinion.